UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ROBERT A. HAYES,

             Plaintiff,

     -against-

COUNTY OF NASSAU,

             Defendant.

------------------------------------------------------------------------X

COUNTY OF NASSAU,

           Third-Party Plaintiff,

     -against-

TOWN OF OYSTER BAY,

          Third-Party Defendant.

------------------------------------------------------------------------X

                MEMORANDUM AND ORDER

                09-cv-5467 (WFK) (ETB)

**WILLIAM F. KUNTZ II, United States District Judge**

     Robert A. Hayes ("Plaintiff"), a Nassau County Police Officer assigned to the Marine

Bureau, commenced this Jones Act seamen's action on December 15, 2009 against his employer,

Defendant County of Nassau (the "County" or "Third-Party Plaintiff"), to recover for personal

injuries allegedly caused by the County's negligence and the unseaworthiness of the County's

vessel. *See* 46 U.S.C. § 30104; 28 U.S.C. § 1333(1). After serving its answer, the County filed

and served a third-party complaint against the Town of Oyster Bay (the "Town" or "Third-Party

Defendant"), alleging that Plaintiff's purported injuries were sustained as a result of the Town's negligent maintenance of its marina and attendant gangway. In its answer, the Town asserted a counterclaim against the County for indemnification, in whole or in part, in the event that Plaintiff recovers against the Town. The Town and the County cross-move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting that, if Plaintiff should prove liability and proximate cause, the other should be held liable for Plaintiff's alleged injuries as a matter of law. For the reasons set forth below, Plaintiff's Jones Act claim against the County is dismissed with prejudice and Plaintiff's surviving state law claim against the Town is dismissed without prejudice.

## BACKGROUND

Plaintiff is and was at all relevant times a Marine Bureau Police Officer employed by Third-Party Plaintiff Nassau County. Cnty.'s Rule 56.1 St., at ¶ 1.[1] The County uses boat slips located at the Theodore Roosevelt Beach and Marina (the "Marina"), which is operated by Third-Party Defendant Oyster Bay, New York. Town's Rule 56.1 St., at ¶ 8. The Marina consists of thirty acres, including a beach, picnic areas, boat launching ramps and ninety-seven boat slips. Cnty.'s Rule 56.1 St., at ¶ 71. The Town renovated the Marina in 2005, at which time it constructed a new floating dock and gangway. Town's Rule 56.1 St., at ¶ 16; Cnty.'s Rule 56.1 St., at ¶ 73. Both Third-Party Plaintiff and Third-Party Defendant are municipal corporations organized under the laws of New York State. Cnty.'s Rule 56.1 St., at ¶¶ 2, 3.

On February 12, 2008, Plaintiff was assigned to operate a Nassau County Marine Bureau Vessel, Marine 6, which was docked in a slip at the Marina. Town's Rule 56.1 St., at ¶¶ 4–6.

---

[1] By citing to the parties' Local Civil Rule 56.1 Statements of Undisputed Facts, the Court incorporates by reference all relevant sources cited therein.

Plaintiff arrived at the Marina around 6:50 a.m. and was scheduled to work on Marine 6 from 7 a.m. until 7 p.m. Cnty.'s Rule 56.1 St., at ¶ 33. In order to board Marine 6, Plaintiff parked in a parking lot adjacent to the Marina, walked down an aluminum gangway from the lot onto a floating dock, walked along the dock, and boarded a swim platform on the stern of the vessel. *Id.*, at ¶ 35. The officers aboard Marine 6 commenced their patrol at 8 a.m. *Id.*, at ¶ 39. Around 1:30 p.m., Marine 6 returned to the Marina because it had begun to snow, reducing visibility. Town's Rule 56.1 St., at ¶ 10. Plaintiff and the other officers remained in the cabin of Marine 6, still docked at the Marina, until approximately 6:20 p.m., at which time Plaintiff left the boat to take his equipment to his car in the parking lot. Cnty.'s Rule 56.1 St., at ¶ 42.

When Plaintiff was returning from his car, he observed there was approximately one inch of snow accumulated, and continuing to accumulate, on the floating dock. *Id.*, at ¶¶ 43, 46. Plaintiff observed that the gangway had ribs on it to provide traction as he descended. *Id.*, at ¶ 47. At the bottom of the gangway, where it attached to the floating dock, there was a steel transition plate ("plate"). Town's Rule 56.1 St., at ¶ 14. When installed, the plate was covered with non-skid material, but that material was no longer present when Plaintiff descended the gangway on February 12, 2008. Cnty's Rule 56.1 St., at ¶¶ 76, 62. Plaintiff slipped and fell when he stepped on the plate, sustaining injuries. Town's Rule 56.1 St., at ¶ 15; Cnty.'s Rule 56.1 St., at ¶¶ 48–50. Plaintiff filed this action to recover for those injuries.

## DISCUSSION

### A. Summary Judgment Standard

"Summary judgment is proper only when . . . 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*,

642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists." *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010) (quoting *Rodriguez v. City of New York*, 72 F.3d 1051, 1060–61 (2d Cir. 1995)). A fact is material if it is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (quoting *Anderson*, 477 U.S. at 248); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

## A. Federal Admiralty Jurisdiction

The Constitution provides that "[t]he judicial Power shall extend . . . to all Cases of admiralty and maritime jurisdiction." U.S. Const. art. III, § 2. Congress has expressly granted federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction." 18 U.S.C. § 1333(1). The Supreme Court delineated this jurisdictional grant as applied to tort actions in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995), which the Second Circuit in turn defined as a two-part test: "First, the alleged tort must have occurred on or over 'navigable waters.' Second, the activity giving rise to the incident must have had a substantial relationship to traditional maritime activity." *Vasquez v. GMD Shipyard Corp.*, 582 F.3d 293, 298 (2d Cir. 2009). Applying this test, the Second Circuit has unequivocally held that, similar to docks and piers, "a ramp leading from the land to a floating

dock should likewise be . . . considered" an "extension[] of land for purposes of determining whether an incident occurred on or over navigable waters." *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 142 (2d Cir. 2011). Therefore, general maritime jurisdiction does not encompass injuries caused on extensions of land, which fail the necessary locality prong articulated in *Vasquez*.

In addition to general maritime jurisdiction, Congress has created an express right for "[a] seaman injured in the course of employment . . . to bring a civil action at law . . . against the employer" in federal court. 46 U.S.C. § 30104 ("Jones Act"). The Jones Act thus creates an explicit cause of action, which in turn provides a predicate for federal jurisdiction based on federal question jurisdiction, distinct from general maritime jurisdiction. *See Nielsen v. Weeks Marine Inc.*, 910 F.Supp. 84, 86–87 (E.D.N.Y. 1995) (Nickerson, J.) (holding that the Jones Act provides an independent basis for subject matter jurisdiction); *see also Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 451 (4th Cir. 2012) ("Federal courts, sitting at law, have subject matter jurisdiction to hear and resolve Jones Act claims under federal question jurisdiction") (citing 28 U.S.C. § 1331).

The Second Circuit has held that, as a matter of law, a seaman cannot recover against his employer for injuries caused by unsafe conditions beyond the ship's gangplank, where those conditions were out of the employer's control, even if the seaman was acting in the course of his employment. *See Bailey v. Seaboard Barge Corp.*, 385 F. Supp. 2d 310, 316 (S.D.N.Y. 2005) (Daniels, J.) (where it is undisputed that defendant employers did not own, operate or control barge providing access to vessel, "defendants had no duty to reasonably anticipate that the plaintiff would be injured on the . . . barge") (citing *Wheeler v. West India S.S. Co.*, 103 F.Supp. 631, 634 (S.D.N.Y. 1951) (Bondy, J.) ("Employers are 'not under an absolute duty to provide the plaintiff with a safe means of going ashore and returning to his ship beyond the ship's

gangplank.'"), *aff'd*, 205 F.2d 354 (2d Cir. 1953)); *Thurnau v. Alcoa S.S. Co.*, 229 F.2d 73, 74 (2d Cir. 1956) (assuming arguendo that plaintiff was acting "in the course of employment" within the meaning of the Jones Act, a shipowner is under no duty "to provide a safe means of transportation between the ship and any place . . . crew members desire to visit while on shore leave in the vessel's home port").

The parties do not dispute that Plaintiff sustained his purported injuries when he slipped and fell on a plate at the intersection of the Marina's gangway and its floating dock. The parties also do not dispute that the gangway and floating dock were owned by and within the sole control of the Town. Plaintiff's Jones Act claim fails as a matter of law because the County was under no duty to reasonably foresee Plaintiff's injury in a location outside of its control, beyond Plaintiff's immediate access to the vessel. Relatedly, Plaintiff cannot satisfy the locality prong of federal admiralty tort jurisdiction because the injury was caused on an extension of land, and not over navigable waters. Accordingly, this Court dismisses Plaintiff's Jones Act claims and concludes that it cannot separately exercise general admiralty jurisdiction over Plaintiff's claim against the County. Plaintiff's claims against the County are therefore dismissed with prejudice. *See, e.g., Dassigienis v. Cosmos Carriers & Trading Corp.*, 442 F.2d 1016, 1018 (2d Cir. 1971) (affirming dismissal for lack of subject matter jurisdiction where Plaintiff failed to state a claim under the Jones Act and where Court could not invoke general maritime jurisdiction).

### B. Supplemental Jurisdiction

The County properly impleaded the Town pursuant to Federal Rule of Civil Procedure 14(c)(1), which permits a defendant to an admiralty or maritime claim "to bring in a third-party defendant who may be wholly or partly liable—either to the plaintiff or to the third-party plaintiff—for remedy over, contribution, or otherwise on account of the same transaction." Fed.

R. Civ. P. 14(c)(1). However, having dismissed Plaintiff's federal claims against the County and finding no independent basis to exercise admiralty jurisdiction, this Court declines, in its discretion, to exercise pendent jurisdiction over the remaining state law claim. *See, e.g., Isaacson v. New York Organ Donor Network*, 405 F. App'x 552, 554 (2d Cir. 2011) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 124 (2d Cir. 2006) (where all federal-law claims are eliminated before trial and no federal interest remains, "the district court should . . . decline[] jurisdiction over the state-law claims"); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003).

This Court notes that a genuine issue of material fact remains in dispute as to whether Plaintiff's injuries were proximately caused by accumulated snow or by the smooth steel plate at the bottom of the gangway. However, this Court agrees with both third-party litigants that resolution of this issue will require application of New York state law. *See Bailey*, 385 F. Supp. 2d at 314 ("A dock owner's duty to seamen using the dock is defined by the application of state law, and not maritime law."); Cnty.'s Mem. in Supp. of Summ. J. at 9–10; Town's Mem. in Supp. of Summ. J. at 11. New York state courts are "in the best position to determine the validity of [the parties'] . . . state law claims," such as interpretation of the "storm in progress" doctrine submitted by the Town. *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); Town's Mem. In Supp. of Summ. J. (citing *Mazzella v. City of New York*, 72 A.D.3d 755 (N.Y. App. Div. 2010)). Consequently, this Court dismisses the remaining state law claim without prejudice. This Court adds that "dismissal will not have any impact on the statute of limitations for these claims, because, pursuant to 28 U.S.C. § 1367(d), the limitations period is

tolled while the claims are pending [in federal court] and for 30 days after they are dismissed."
*Cave*, 514 F.3d at 250.

**CONCLUSION**

Having concluded that Plaintiff's Jones Act claim against the County fails as a matter of law and that general admiralty jurisdiction is improper, this Court dismisses with prejudice Plaintiff's claims against the County and declines to exercise pendent jurisdiction over Plaintiff's surviving state law claim against the Town. Plaintiff's claim against the Town is dismissed without prejudice.

**<u>SO ORDERED</u>**

Dated: Brooklyn, New York
February 20, 2013

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge